IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON R. SALAZAR,

       Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　No. CIV 19-0075 JB/SMV

CORE CIVIC; CIBOLA CORRECTIONAL
FACILITY; CORRECT CARE; SGT
WARDEN VALDEZ, C/O LARRY and USMS,

       Defendants.

## MEMORANDUM OPINON AND ORDER

**THIS MATTER** comes before the Court under rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(b)(2), on the Plaintiff's Complaint for Violation of Civil Rights, filed January 28, 2019 (Doc. 1)("Complaint").  The Court will dismiss the Complaint with respect to Salazar's request for injunctive relief, Salazar's claims against Defendants Cibola County Correctional Center, Core Civic, Correct Care, United States Marshals Service, and Salazar's First and Eighth Amendment claims against Warden Valdez, and Salazar's First Amendment claims against C/O Larry, for failure to state a claim for relief.  The Court will grant the Plaintiff Jason R. Salazar leave to file an amended complaint within thirty days.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time he filed this proceeding, Salazar was a detainee at the Cibola County Correctional Center.  See Complaint at 1-2.  His Complaint asserts jurisdiction under 42 U.S.C. § 1983, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens").  See Complaint at 2.  He contests that state officials have violated his rights to

adequate medical care, to medical judgment, and to speak freely.  See Complaint at 2.  He also asserts that federal officials have violated his constitutional rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.  See Complaint at 2. He names as Defendants Core Civic, Cibola Correctional, Correct Care, Warden Valdez, C/O Larry, and USMS.  See Complaint at 1.  Salazar describes the nature of his claims as "deprivation of adequate medical care & dental care, causing deliberate indifference, intentional prolonged suffering & pain, this is cruel and unusual punishment for almost 12 months."  Complaint at 3.  In his Complaint, Salazar makes allegations relating to being placed in medical segregation following complaints of chest pain and inadequate dental care that led to an infection.  See Complaint at 4-5, 7-8, 12-15.  Salazar also attaches grievance forms relating to being disciplined for a physical altercation with other prisoners.  See Complaint at 21-24.  The only relief requested in his Complaint is "[p]ermanent injunctive & restraining order."  Complaint at 5. Salazar is proceeding pro se and in forma pauperis.  See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) and to Make Payments or Show Cause, filed January 30, 2019 (Doc. 5).

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B).  Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting

McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), the Court may dismiss the complaint at any time if the Court determines that the action fails to state a claim for relief, or is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  The authority granted by § 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See also Hall v. Bellmon, 935 F.2d at 1109.  The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The Court is not required to accept the truth of the Plaintiff's allegations, but, instead, may go beyond the pleadings and consider any other materials the parties file, as well as court proceedings subject to judicial notice.  See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings are judged, however, by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court.  See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the Plaintiff or to supply factual allegations to support the Plaintiff's claims.  Nor may the Court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING SECTION 1983 AND PRETRIAL DETAINEE CLAIMS FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

Section 1983 is a vehicle for vindicating substantive rights against State officials under the Constitution.  See Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(nothing that Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983 (emphasis added).  Only a "person" may be held liable under § 1983.  42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by State government officials acting under color of law that result in a deprivation of rights the Constitution secures.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates.  See Monell, 436 U.S. at 691.  A plaintiff must plead that each government official, through the official's individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To succeed under § 1983, the plaintiff must allege an identified official's personal involvement in the alleged constitutional violation.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir.

2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original). Generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, are not sufficient to state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

Injunctive relief is available under § 1983. A prisoner plaintiff may not maintain, however, § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir.1997); White v. State, 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. See Green v. Branson, 108 F.3d at 1300; Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. See Love v. Summit County, 776 F.2d 908, 910 n. 4, 912 (10th Cir. 1985).

Prisoners' post-conviction claims for inadequate medical or dental care proceed under the Eighth Amendment. Guided by "contemporary standards of decency," Estelle v. Gamble, 429 U.S. 97, 103 (1976), the Supreme Court has addressed those minimal standards of providing humane conditions of confinement, see Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and prison officials' duties to assure the safety of inmates, see Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Even under these parameters, the Court will find an Eighth Amendment violation only when the alleged deprivation is "objectively, 'sufficiently serious,'" and the prison official acts with "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 832-

33 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).  In Farmer v. Brennan, the Supreme Court resolved the meaning of the deliberate indifference standard: "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. at 846-47.

The cruel-and-unusual punishment and deliberate indifference standards, however, do not apply to pretrial detainees.  A detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979).  See also, Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40, 674 (1977); Kennedy v. Mendoza-Martinez, 372 U.S. 144, 165-67, 186 (1963).  Instead, a pretrial detainee's claims proceed under the Fourteenth Amendment.  See Garcia v. Salt Lake Cty., 768 F.2d 303, 307 (10th Cir. 1985)(holding that, although the Eighth Amendment protects the rights of convicted prisoners and the Fourteenth Amendment protects the rights of pretrial detainees, pretrial detainees are "entitled to the degree of protection against denial of medical attention which applies to convicted inmates").

The United States Court of Appeals for the Tenth Circuit has held that, to state a cognizable claim, a plaintiff "'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(quoting Estelle v. Gamble, 429 U.S. at 106).  This standard includes both an objective component and a subjective component.  See Clark v. Colbert, 895 F.3d 1258, 1267 (10th Cir. 2018).  To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension."  Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006)(quoting Farmer v. Brennan, 511 U.S. at 834).  "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious

that even a lay person would easily recognize the necessity for a doctor's attention."  Clark v. Colbert, 895 F.3d at 1267 (alteration in original and citation omitted).  The subjective component requires the plaintiff to establish that a medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in Mata v. Saiz)(quoting Farmer v. Brennan, 511 U.S. at 837).

In Kingsley v. Hendrickson, 576 U.S. 389 (2015), the Supreme Court adopted a new standard for excessive force claims that pretrial detainees bring under the Fourteenth Amendment.  The Supreme Court decided that "an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment."  Kingsley v. Hendrickson, 576 U.S. at 402.  The Tenth Circuit expressly has declined, however, to extend Kingsley v. Hendrickson to Fourteenth Amendment deliberate indifference claims for several reasons.  See Strain v. Regalado, 977 F.3d 984 (10th Cir. 2020).  First, the Tenth Circuit indicates that Kingsley v. Hendrickson turns on considerations unique to excessive force claims: whether the use of force amounts to punishment, not whether it is based on the detainee's status.  See Strain v. Regalado, 977 F.3d at 991.  Second, the Tenth Circuit notes that the nature of a deliberate indifference claim implies a subjective component.  See Strain v. Regalado, 977 F.3d at 992.  Last, the Tenth Circuit states that principles of stare decisis weighs against overruling precedent to extend a Supreme Court holding to a new context or new category of claims.  See Strain v. Regalado, 977 F.3d at 989-93.

## ANALYSIS

**I.  THE COURT WILL DISMISS SALAZAR'S CLAIMS FOR INJUNCTIVE RELIEF.**

Salazar's only claims for "permanent injunctive & restraining order" are against Cibola Correctional, and its management companies and employees. See Complaint at 5. The record reflects that Salazar was transferred from Cibola Correctional to Otero County Correctional Facility, to Federal Transfer Center, and then to FCI Stafford in Arizona. See Notice of Change of Address, filed June 12, 2019 (Doc. 12). Salazar may not maintain § 1983 or Bivens claims for permanent injunctive relief or a restraining order based on conditions of incarceration at Cibola Correctional, because Salazar is no longer housed at the facility. See Green v. Branson, 108 F.3d at 1300 (holding that injunctive relief is moot, because the plaintiff is no longer a prisoner within the control of the defendant); White v. State, 82 F.3d at 366. Having been transferred from Cibola Correctional to FCI Stafford, injunctive relief would have no effect on the Defendants' behavior and, therefore, injunctive relief is moot. See Green v. Branson, 108 F.3d at 1300; Abdulhaseeb v. Calbone, 600 F.3d at 1311; Love v. Summit County, 776 F.2d at 910 n. 4, 912. Salazar's Complaint, therefore, does not state any claim for permanent injunctive relief or for a restraining order.

**II.  THE COURT WILL DISMISS SALAZAR'S CLAIMS AGAINST CIBOLA CORRECTIONAL.**

Salazar names Cibola Correctional as a Defendant, where Salazar was a detainee. See Complaint at 1. However, "a detention facility is not a person or legally created entity capable of being sued." White v. Utah, 5 F. App'x 852, 853 (10th Cir. 2001)(unpublished)[1]. This Court has

---

[1] White v. Utah is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

applied this rule in the context of § 1983 claims, holding that "a detention center is not a suable entity in a § 1983 action." Apodaca v. New Mexico Adult Prob. and Parole, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014)(Browning, J.). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." Kristich v. Metro. Det. Ctr., 2016 WL 5387675 at *2 (D.N.M. September 2, 2016)(Browning, J.). See Wishneski v. Lea Cnty. Det. Ctr., 2012 WL 1688890, at *2 (D.N.M. May 2, 2012)(Browning, J.)(holding that "'a detention facility is not a person or legally created entity capable of being sued'"). The Complaint, therefore, does not state a claim for relief against the Cibola County Correctional Center.

### III. THE COURT WILL DISMISS SALAZAR'S § 1983 CLAIMS AGAINST CORE CIVIC AND CORRECT CARE.

Salazar appears to be attempting to hold private corporations Core Civic and Correct Care vicariously liable for the actions of their employees under 42 U.S.C. § 1983. See Complaint at 2-3. Where, as in this case, a corporate entity is performing the actions that a state or municipality typically perform, like operating a prison, that corporate entity can be sued under § 1983. See Richardson v. McKnight, 521 U.S. 399, 413 (1997)(leaving the determination of whether the employees of a private corporation acted under color of state law in violation of § 1983 to the district court)(citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982)); Smith v. Cochran,

---

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that White v. Utah and Greenlee v. U.S. Postal Service, 247 F. App'x 953, 955 (10th Cir. 2007) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

339 F.3d 1205, 1215-16 (10th Cir. 2003)(citations omitted)("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment.").

To succeed in a § 1983 action against a corporate entity, however, the plaintiff must prove that the corporate employee or agent committed a constitutional violation, and that the violation was a direct result of the corporation's policy or custom.  See Myers v. Okla. Cnty Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998); Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 690-95 (1978)("Monell"); City of Okla. City v. Tuttle, 471 U.S. 808, 820 (1985); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)("[C]aselaw from this and other circuits has extended the Monell doctrine to private § 1983 defendants.").  Salazar does not contend that any policy or custom of Core Civic or Correct Care was a direct cause or a moving force behind any violation of Salazar's civil rights.  See Myers v. Okla. Cty Bd. of Cty. Comm'rs, 151 F.3d at 1316.  The Complaint does not state a claim for § 1983 relief against Defendants Core Civic or Correct Care.  See Monell, 436 U.S. at 690-95.

**IV.    THE COURT WILL DISMISS THE CLAIMS AGAINST THE U.S. MARSHALS.**

Salazar's Complaint asserts Bivens, 403 U.S. 388 (1971), claims against the U.S. Marshals. See Complaint at 3.  Bivens creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials.  Bivens applies only to individual federal officials, however, and sovereign immunity bars Bivens claims against the United States and its agencies. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Greenlee v. U.S. Postal Service, 247 F. App'x 953, 955 (10th Cir. 2007)(unpublished).  Salazar's Complaint does not identify any individual federal officers, and sovereign immunity bars the claims against the U.S. Marshals.  The Complaint, therefore, does not state a claim for relief under Bivens against the U.S. Marshals.

## V. THE COURT WILL DISMISS SALAZAR'S CLAIMS AGAINST WARDEN VALDEZ AND C/O LARRY.

Salazar's only remaining claims are his § 1983 claims against Warden Valdez and C/O Larry. The Complaint asserts violations of Salazar's constitutional rights under the First Amendment and Eighth Amendment. See Complaint at 3, 12. In his Complaint, Salazar checked a box asserting that he was making his claims as a pretrial detainee. See Complaint at 4. Salazar pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on July 31, 2018. See United States v. Salazar, No. CR 18-1104 JCH, Plea Agreement, filed July 31, 2018 (Doc. 45). On March 26, 2019, the Honorable Judith C. Herrera, United States District Court Judge for the United States District Court for the District of New Mexico, sentenced Salazar to 41 months' imprisonment. See United States v. Salazar, No. CR 18-1104 JCH, Judgment, filed March 26, 2019 (Doc. 50). Salazar filed his Complaint, however, on January 28, 2019, when he was awaiting his sentencing. See Complaint at 1. While the Due Process Clause governs claims challenging a pretrial detainee's confinement conditions, a person who has been adjudicated guilty but is awaiting sentencing can challenge their confinement conditions under the Eighth Amendment. See Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(holding that, in the pretrial detainees context, "the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement."); Berry v. City of Muskogee, Okla., 900 F.2d 1489, 1493 (10th Cir. 1990)("We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, . . . and we perceive every reason to treat those awaiting sentencing the same as inmates already sentenced.").

Here, Salazar alleges: "deprivation of adequate medical care + dental care, causing deliberate indifference, intentional prolonged suffering + pain." Complaint at 3. Salazar also

alleges that his "right to speak freely" under the First Amendment was violated. Complaint at 3. Salazar attests:

> I was placed in medical isolation due to the fact that I was writing grievances about chest pains. Mrs. Bach told me that there is nothing they can do until Marshals approve anything so its pointless to house me in medical seg. w/out communication to my family. C/O Fuentes said it was just to monitor me after tortal shot which I've been given one and sent back to unit so thats not true. I told C/O Larry my chest was hurting and she said she "didn't give a fuck, go lock down."

Complaint at 4-5 (no citation for quotation). Salazar further alleges:

> C/O Larry treated me with deliberate indifference to the severe chest pain I was in and refused to take or schedule me a medical request. I filed a grievance. I kept trying to get seen I couldn't breath [sic] and throughout the week I spoke to my family, I filed grievances, I was given IB Profen. Vomiting, chest pain it felt like another infection. Warden Valdez told medical I was fine, and my family. I was placed in medical seg for 72 hrs for filing grievances. I believed I was going to die.

Complaint at 5. Salazar also alleges that medical staff did not treat him when he was vomiting and had chest pain, and Salazar believed that he had a tooth infection. See Complaint at 5. Salazar contends that his toothache "turned into an abscess infecting my throat and jaw" and that the U.S. Marshals would not approve his request for testing. See Complaint at 5. Salazar contends that, despite filing grievances and requesting medical treatment for his chest pains and dental issues, prison officials ignored his requests for several months. See Complaint at 5. Specifically, Salazar notes that C/O Larry "deliberate[ly] deni[ed] to take [Salazar] to medical." Complaint at 13. Salazar also contends that, because of prison officials' indifference to his suffering, he required surgery to remove his abscessed tooth and part of his jaw because the infection had spread. See Complaint at 18.

To plead sufficiently a § 1983 claim for violations of a plaintiff's constitutional rights, a plaintiff must plead that each government official, through the official's individual actions, has

violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Under both the Eight Amendment and the Due Process Clause, to establish a claim for 'conditions of confinement, a plaintiff must satisfy two requirements,' showing first that the deprivation is sufficiently serious, and second that the prison officials' deliberate indifference caused the deprivation." Abila v. Funk, 220 F. Supp. 3d 1121, 1179-80 (D.N.M. 2016)(Browning, J.)(quoting Craig v. Eberly, 164 F.3d at 495). A prison official cannot be found liable under the Cruel and Unusual Punishment Clause for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). "A 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)). "A delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.'" Mata v. Saiz, 427 F.3d at 751 (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir.2001)). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" Mata v. Saiz, 427 F.3d at 751 (quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)).

While Salazar states that he has a claim for violations of his First Amendment rights, Salazar does not attest to any specific actions of Warden Valdez or C/O Larry that violate his First Amendment. Consequently, the Court will dismiss Salazar's First Amendment claims. Salazar sufficiently alleges that C/O Larry violated his Eighth Amendment rights. Salazar also claims that Warden Valdez violates his Eighth Amendment rights, but Salazar does not provide specific

allegations about how Warden Valdez was deliberately indifferent to a sufficiently serious deprivation of medical care. Consequently, the Court will dismiss Salazar's Eighth Amendment claims with respect to Warden Valdez.

### VI.    **THE COURT WILL GRANT SALAZAR LEAVE TO AMEND HIS COMPLAINT.**

In deciding whether to dismiss the Complaint, in whole or in part, the Court is to consider whether to allow the Plaintiff an opportunity to amend the Complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

The Court will dismiss the Complaint with respect to Salazar's request for injunctive relief, Salazar's claims against Defendants Cibola County Correctional Center, Core Civic, Correct Care, United States Marshals Service, and Salazar's First and Eighth Amendment claims against Warden Valdez, and Salazar's First Amendment claims against C/O Larry, for failure to state a claim for relief, and will grant Salazar the opportunity to file an amended complaint specifying individuals, the individualized actions at Cibola Correctional, and how Salazar contends those actions resulted in violation of his constitutional rights. See Hall v. Bellmon, 935 F.2d at 1110, n.3 (holding that pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state each separate claim's facts and why Salazar believes his constitutional rights were violated. Salazar should include names of individual Defendants and their official positions, a description of their actions, and relevant dates, if available. See Robbins v. Oklahoma, 519 F.3d at 1249-50. Salazar may not reassert claims against the U.S. Marshals or Cibola Correctional. Salazar may also re-plead his § 1983 claims to allege that Core Civic or

Correct Care employees violated his constitutional rights as a direct result of the corporation's policy or custom. See Monell, 436 U.S. at 690. Further, Salazar must identify individual officials as actors and name them as Defendants in his Complaint. Further, his amended complaint may not seek relief in the form of injunctive relief or for a restraining order, insofar as those claims are moot. He may only seek relief in the form of damages. Any amended complaint must be filed with the Court within thirty days of entry of this Memorandum Opinion and Order. If Salazar fails to file an amended complaint within thirty days, the Court may enter dismissal of the federal claims with prejudice and without further notice.

**IT IS ORDERED** that: (i) Plaintiff Jason R. Salazar's Complaint for Violation of Civil Rights, filed January 28, 2019 (Doc. 1), is dismissed with respect to Salazar's request for injunctive relief, Salazar's claims against Defendants Cibola County Correctional Center, Core Civic, Correct Care, United States Marshals Service, and Salazar's First and Eighth Amendment claims against Warden Valdez, and Salazar's First Amendment claims against C/O Larry, for failure to state a claim for relief; and (ii) Salazar is granted leave to file an amended complaint within thirty days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Jason R. Salazar
Safford, Arizona

    *Plaintiff Pro Se*