IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON R. SALAZAR,

    Plaintiff,

vs.                                                        No. CIV 19-0075 JB/SMV

CORE CIVIC; CIBOLA CORRECTIONAL
FACILITY; CORRECT CARE; SGT
WARDEN VALDEZ, C/O LARRY and USMS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Complaint for Violation of Civil Rights, filed January 28, 2019 (Doc. 1)("Complaint"). The Court will dismiss the Complaint for failure to state a 42 U.S.C. § 1983 claim or a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), and for failure to comply with a Court order.

At the time he filed this proceeding, Plaintiff Jason R. Salazar was a pretrial detainee at the Cibola County Correctional Center in Milan, New Mexico. See Complaint at 1-2. Salazar's Complaint asserts jurisdiction pursuant to 42 U.S.C. § 1983 and Bivens, 403 U.S. 388 (1971). See Complaint at 3. Salazar alleges that state officials had violated his rights to adequate medical care, medical judgment, and to speak freely. See Complaint at 3. Salazar also alleges that federal officials violated his rights under the First, Eighth, and Fourteenth Amendments of the Constitution of the United States of America, U.S. const. amends. I, VIII, XIV. See Complaint at 3. Salazar names as Defendants, Core Civic, Cibola County Correctional Facility, Correct Care, Warden Valdez, C/O Larry, and USMS. See Complaint at 1.

Salazar describes the nature of his claims as follows: "[D]eprivation of adequate medical care & dental care, causing deliberate indifference, intentional prolonged suffering & pain, this is cruel and unusual punishment for almost 12 months." Complaint at 3.  In his Complaint, Salazar alleges that he was placed in medical segregation following complaints of chest pain and inadequate dental care that led to an infection.  See Complaint at 4-5, 7-8, 12-15.  Salazar also attaches grievance forms relating to prison officials disciplining him for a physical altercation with other prisoners.  See Complaint at 21-24.  The only relief Salazar requests in his Complaint is "[p]ermanent injunctive & restraining order."  Complaint at 5.

On February 23, 2022, the Court entered a Memorandum Opinion and Order dismissing Salazar's Complaint.  See Memorandum Opinion and Order, filed February 23, 2022 (Doc. 15)("MOO").  In the MOO, the Court dismisses Salazar's claims for injunctive relief, because Salazar is no longer incarcerated at the Cibola County Detention Center.  See MOO at 8.  The Court also dismisses the claims against all named individual and entity Defendants for failure to state a § 1983 or Bivens claim for relief under rule 12(b)(6) of the Federal Rules of Civil Procedure and under 28 U.S.C. § 1915(e)(2)(B).  See MOO at 8-14.

Although the Court dismissed all of the Complaint's claims in the MOO, consistent with Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), the Court granted Salazar an opportunity to amend the Complaint within thirty days.  See MOO at 14-15.  The Court also notified Salazar that, if he does not file an amended Complaint in this case within the thirty-day time period, the Court could dismiss the case with prejudice and without further notice.  See MOO at 15.  The copy of the MOO sent to Salazar at his address of record was returned as undeliverable.  See Mail Returned as Undeliverable, filed March 7, 2022 (Doc. 16).  The Bureau of Prisons' records state that the Bureau of Prisons released Salazar from custody on February 25, 2021.  The Court

attempted to notify Salazar of his original filing's deficiencies and gave him the opportunity to amend his Complaint to remedy those deficiencies. Salazar has not filed any amended complaint as the Court ordered and, therefore, Final Judgment will be entered dismissing and closing this case. See Hall v. Bellmon, 935 F.2d at 1109.

    **IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights, filed January 28, 2019 (Doc. 1) is dismissed with prejudice; and (ii) Final Judgment will be entered.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties*:

Jason R. Salazar
Safford, Arizona

    *Plaintiff pro se*